﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/19 Archive Date: 02/28/19

DOCKET NO. 181011-548
DATE: February 28, 2019

ORDER

Entitlement to service connection for osteoarthritis in multiple joints, including as due to a service-connected total abdominal hysterectomy, is denied.

FINDING OF FACT

The record evidence shows that the Veteran’s current osteoarthritis in multiple joints is not related to active service and was not caused by a service-connected disability.

CONCLUSION OF LAW

The criteria for entitlement to service connection for osteoarthritis in multiple joints, including as due to a service-connected total abdominal hysterectomy, have not been met. 38 U.S.C. §§ 1131, 5103, 5103A, 5107 (West 2012); 38 C.F.R. §§ 3.303, 3.304, 3.310 (2018). 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran had active service from May 1976 to May 1980. Although she initially elected the Supplemental Claim lane when she submitted a RAMP election form in April 2018, she subsequently elected the Evidence lane when she submitted another RAMP election form in October 2018, revoking the earlier Supplemental Claim lane election.

The Veteran appointed her current service representative to represent her before VA by filing a completed VA Form 21-22 at the Agency of Original Jurisdiction (AOJ) in May 2018. Having reviewed the record evidence, the Board finds that the issue on appeal should be characterized as stated above.

It appears that the Veteran lives overseas in Germany. Because VA consolidated adjudication of all appeals from Veterans living overseas at the RO in Pittsburgh, Pennsylvania, that facility is the AOJ in this appeal and has jurisdiction.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). The Veteran may file a Supplemental Claim and submit or identify this evidence. See § 2(i)(1), 131 Stat. at 1109. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Board finds that the preponderance of the evidence is against granting the Veteran’s claim of service connection for osteoarthritis in multiple joints, including as due to a service-connected total abdominal hysterectomy. The Veteran essentially contends that she incurred osteoarthritis in multiple joints during active service or, alternatively, her service-connected total abdominal hysterectomy caused or contributed to her current osteoarthritis in multiple joints. The record evidence does not support her assertions regarding an etiological link between any osteoarthritis and active service. It shows instead that, although the Veteran currently experiences osteoarthritis in multiple joints, it is not related to active service or any incident service, including as due to a service-connected total abdominal hysterectomy. For example, the Veteran’s available voluminous service treatment records show that she had a total abdominal hysterectomy in March 1979. She was hospitalized for 7 days and then was on convalescent leave for 29 days. There were no complications during her total abdominal hysterectomy surgery. The Board notes that the absence of contemporaneous records does not preclude granting service connection for a claimed disability. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (finding lack of contemporaneous medical records does not serve as an "absolute bar" to the service connection claim); Barr v. Nicholson, 21 Vet. App. 303 (2007) ("Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms").

The post-service evidence also does not support granting the Veteran’s service connection claim for osteoarthritis in multiple joints, including as due to a service-connected total abdominal hysterectomy. It shows instead that, although the Veteran currently experiences osteoarthritis in multiple joints, it is not related to active service or any incident of service, including as due to a service-connected total abdominal hysterectomy. For example, on VA hip and thigh conditions DBQ in December 2014, the Veteran’s complaints included bilateral hip pain which she attributed to arthritis. “She notes pain in both hips with [a] sense of grinding.” She rated her pain as 1-2/10 on a pain scale (with 0/10 being no pain). Her bilateral hip pain was dull, aching, and worse on awakening and in cold weather. The VA examiner reviewed the Veteran’s electronic claims file, including her service treatment records and post-service VA treatment records. The Veteran denied experiencing flare-ups of bilateral hip pain. Physical examination of the hips showed less movement than normal, pain on movement, and 5/5 muscle strength. None of the DeLuca factors were present. X-rays of the hips showed arthritis. The VA examiner stated that, although there was no objective evidence to support a diagnosis of non-degenerative arthritis, the Veteran had osteoarthritis on x-rays. The diagnosis was arthrosis of the bilateral hips.

On VA hand and fingers conditions DBQ in December 2014, the Veteran complained of “several years of constant pain and stiffness in the fingers of the right hand with joint enlargement. The pain and stiffness is worse in the morning and with cold weather.” The VA examiner reviewed the Veteran’s electronic claims file, including her service treatment records and post-service VA treatment records. Physical examination showed no limitation of motion for any of the fingers or thumbs, no functional loss or functional impairment for any of the fingers or thumbs, no tenderness to palpation, 5/5 bilateral hand grip, and mildly enlarged Heberden’s nodes of the middle and ring fingers dorsal interphalangeal (DIP) joints of the right hand which was not tender to palpation. X-rays showed mild-moderate arthritis in the third, fourth, and fifth fingers of the right hand but not the thumb. The diagnoses included osteoarthritis of the right hand.

On VA back (thoracolumbar spine) conditions DBQ in December 2014, the Veteran’s complaints included “lower back pain and stiffness that is constant, dull, aching, and 2/10” on a pain scale. The VA examiner reviewed the Veteran’s electronic claims file, including her service treatment records and post-service VA treatment records. “The pain is worse in the morning and [with] cold weather.” The Veteran denied experiencing flare-ups of low back pain. Physical examination of the thoracolumbar spine showed less movement than normal, pain on movement, 5/5 muscle strength, normal reflexes and sensation, negative straight leg raising bilaterally, and no radiculopathy or intervertebral disc syndrome. X-rays showed arthritis. The Veteran was unable to do repeated bending, twisting, or carrying heavy loads greater than 20 pounds for long periods due to her thoracolumbar spine condition. The diagnosis was lumbar spondyloarthritis.

In a December 2014 medical opinion, the VA examiner who completed the Veteran’s hip and thigh conditions, hand and fingers conditions, and back (thoracolumbar spine) conditions examinations that same month opined that it was less likely than not that the Veteran’s osteoarthritis in multiple joints is related to active service or any incident of service, including as due to a service-connected total abdominal hysterectomy. The rationale was based on a review of the Veteran’s claims file. The rationale also was that osteoarthritis and a total abdominal hysterectomy were “unrelated physiologically and pathologically.”

The Board again notes that the additional evidence was submitted in support of the Veteran’s claim in March 2017. Because the Veteran filed a notice of disagreement with the currently appealed rating decision on April 24, 2015, evidence received more than 90 days after this date cannot be considered in adjudicating the currently appealed claim. See Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(w)(1), 131 Stat. 1105, 1114 (2017). 

Despite the Veteran’s assertions to the contrary, the record evidence shows that her current osteoarthritis in multiple joints is not related to active service or any incident of service, including as due to a service-connected total abdominal hysterectomy. The Board acknowledges that the Veteran had a total abdominal hysterectomy during active service and service connection is in effect for this disability. The Board also acknowledges that the Veteran currently experiences disability due to osteoarthritis in multiple joints. The December 2014 VA examiner specifically opined, however, that the Veteran’s current osteoarthritis in multiple joints is not related to active service or any incident of service, including as due to a service-connected total abdominal hysterectomy. This opinion was fully supported. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (finding that a medical opinion "must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"). The Veteran finally has not identified or submitted any evidence demonstrating entitlement to service connection for osteoarthritis in multiple joints, including as due to her service-connected total abdominal hysterectomy. In summary, the Board finds that service connection for osteoarthritis in multiple joints, including as due to a service-connected total abdominal hysterectomy, is not warranted.

 

R. FEINBERG

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Michael T. Osborne, Counsel